Wood, Judge.
This court held, in the ease of the State v. Choate, 11 Ohio, 511, that Choate and Somers were not judges of the Court of Common Pleas of Huron county, de jure, when this appointment of clerk was made. The only question raised by this demurrer, is, whether such appointment, when conferred by judges, de facto, and who are not such of right, is legal and valid. Many authorities are cited by the defendant’s counsel to establish the validity of the acts of officers, de facto, both ministerial and judicial ; and we hold that, so far as the community, or third persons are concerned, neither the validity of the appointments or judgments of a court, de facto, can be gainsayed or denied.
*21 It is, however, insisted by the relator, that Choate and Somers were not judges, de facto, but usurpers and intruders, and assumed the judicial functions without any color of right or office.
We think differently. They had been long, previously, judges de jure. They were ejected from office by a legislative act, dividing Huron county, and by their continued residence within the new organization ox Erie county. They hall beeji commissioned *for the con- [21. stitutional period; and until the question was decided by this court, it may have well been doubted whether Choate and Somers did not continue judges, de jure, of the Huron Common Pleas, after the passage of the aforesaid act, and their continued residence in the new organization.
At all events, they held commissions, and were acting under color of office; and as to the public, or individuals, their acts must be held, valid. Judgment will, therefore, be given for defendant, on the demurrer.
Judgment accordingly.